**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, SB# 224285
  E-Mail: Jeffrey.Ranen@lewisbrisbois.com
ASHLEIGH R. KASPER, SB# 294963
  E-Mail: Ashleigh.Kasper@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for SEIU LOCAL 1000 and RICHARD L. BROWN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| BRANDI LOPES,<br><br>             Plaintiff,<br><br>    vs.<br><br>SEIU LOCAL 1000, a Labor Organization; RICHARD L. BROWN, an individual; and DOES 1-20;<br><br>             Defendants. | CASE NO.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1331. 1367. AND 1441(a)**<br><br>*[Filed concurrently herewith the Declaration of Ashleigh R. Kasper; Corporate Disclosure Statement; Certificate of Interested Parties and Civil Cover Sheet]*<br><br>SACSC Case No. 34-2021-00309018<br><br>Assigned for All Purposes to:<br>Hon. Gerrit W. Wood, Dept. 31<br><br>Action Filed:     September 29, 2021<br>Trial Date:       None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants SEIU Local 1000 and Richard L. Brown (collectively "Defendants"), hereby remove the above-entitled action from the Superior Court of



4893-4617-2162.1                                            1
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
PURSUANT TO 28 U.S.C. §§ 1331. 1367. AND 1441(a)

Sacramento in and for the County of Sacramento ("Sacramento County Superior Court") to the United States District Court for the Eastern District of California, and in furtherance of this removal avers:

## COMPLAINT AND TIMELINESS OF REMOVAL

1. On September 29, 2021, Plaintiff Brandi Lopes ("Plaintiff"), by and through her counsel, filed a Complaint in the Sacramento County Superior Court entitled *Brandi Lopes v. SEIU Local 1000 and Richard L. Brown*, Case No. 34-2021-00309018 ("State Court Action"). (Declaration of Ashleigh R. Kasper ("Kasper Decl."), ¶ 1.) The Complaint sets forth the following causes of action against Defendants SEIU Local 1000 and Richard L. Brown (collectively "Defendants"): (1) Interference with CFRA Leave; (2) Interference with FMLA Leave; (3) Failure to Prevent CFRA/FMLA Retaliation and Interference; (4) Disability Discrimination; (5) Failure to Provide Reasonable Accommodation; (6) Failure to Engage in the Interactive Process; (7) Retaliation in Violation of FEHA; (8) Failure to Prevent Discrimination and Retaliation; (9) Wrongful Termination in Violation of Public Policy; and (6) Declaratory Relief. (Kasper Decl. ¶ 1, Exhibit "A".)

2. Federal law provides that, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." (28 U.S.C. § 1446 (b)(2)(B); *see also Destfino v. Reiswig*, 630 F.3d 952, 955-56 (9th Cir. 2011).)

3. This Notice of Removal is filed within thirty days of service of the State Court Action on Defendant and is therefore timely under 28 U.S.C. § 1446(b).

4. Defendant has not pled, answered, or otherwise appeared in the State Court Action. (Kasper Decl. ¶ 2.)

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 84(c), 1391, and 1441(a) because it embraces the state court where the removed action has been pending.

4893-4617-2162.1

2

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1331. 1367. AND 1441(a)

/ / /

6. As of the date of this notice of Removal, no parties other than Defendants have been named or served with copies of the Summons and Complaint. (Kasper Decl. ¶ 3.)

**<u>FEDEREAL QUESTION JURISDICTION EXISTS</u>**

7. Any civil action brought in state court may be removed to federal court if the federal court has original or supplemental jurisdiction over the action. (28 U.S.C. § 1441(a).)

8. This Court has original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." (28 U.S.C. § 1331.)

9. The instant action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and which may be removed to this Court by Defendants under the provisions of 28 U.S.C. § 1441(c). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).)

10. Generally, actions for violations of federal law are within federal question jurisdiction. (*See e.g. Rains v. Criterion Sys.*, 80 F.3d 339, 343 (9th Cir. 1996) (identifying as one of three possible grounds for federal question jurisdiction "that federal law creates the cause of action [the plaintiff] asserted"; *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807-10 (1986) ("[t]he 'vast majority' of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a 'suit arises under the law that creates the cause of action.'")

11. Here, the federal question is presented on the face of Plaintiff's pleading – the Second Cause of Action is for Violations of the Family and Medical Leave Act ("FMLA"), a federal statute (29 U.S.C. § 2611, et seq.).

12. The only cause of action pled against individual defendant Richard Brown is the Second Cause of Action for Interference with the FMLA. In Paragraphs 3 and 51, Plaintiff alleges that "Defendant Richard Brown supervised Plaintiff and is therefore personally liable for violations of the FMLA."

13. <u>There are no causes of action arising under state law pled against Mr. Brown</u>.

14. The Second Cause of Action for Violations of the FMLA is also pled against Defendant SEIU Local 1000.

15. Furthermore, Plaintiff alleges that Defendants were covered "employers" under the FMLA (Paragraph 51), that Plaintiff is an individual entitled to FMLA for her own serious health condition (Paragraph 54), that Plaintiff relied upon Defendants' "promise that her leave would be protected pursuant to the FMLA" (Paragraph 55), that Plaintiff's use of FMLA leave was, at least in part, the basis for an adverse employment action (Paragraph 58), and that Plaintiff is entitled to damages, including lost earnings, lost benefits, and liquidated damages under the FMLA (29 U.S.C. § 2617(a)(1)(A)(iii)) (Paragraph 60).

16. Accordingly, Plaintiff's Second Cause of Action is subject to this Court's original jurisdiction.

**SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS**

17. This Court has supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" pursuant to 28 U.S.C. § 1367(a).

18. Here, all of Plaintiff's remaining causes of action arise out of the same set of facts and are part of the same case or controversy involving Plaintiff's employment with Defendants, her leave under the FMLA/CFRA, the alleged discrimination and retaliation she experienced upon return from leave, and her termination – which she contends was due to her protected leave. (Kasper Decl., ¶

2, Ex. A, ¶¶ 23-40.)

19. Plaintiff's First Cause of Action is for Violations of the California Family Rights Act ("CFRA") (*Cal. Gov. Code* §§ 12945.1 *et seq.*), the state analogue to the FMLA.

20. The same alleged discrimination by Defendants which supports Plaintiff's Second Cause of Action under the FMLA also forms the basis for the First Cause of Action under the CFRA. (Kasper Decl., ¶ 2, Ex. A, ¶¶ 41-60.) In general, Plaintiff alleges that Defendants interfered with, restrained, and retaliated against Plaintiff for the exercise of her right to leave for her health condition. *Id*. Specifically, she alleges that she took leave for a qualifying medical condition, was not returned to her same position at the conclusion of said leave and was, instead, terminated. *Id*.

21. Likewise, Plaintiff's Third Cause of Action for Failure to Prevent CFRA Discrimination and Retaliation under the FEHA (*Cal. Gov. Code* § 12940(k)) rests on the same facts as the Second Cause of Action and arises out of the same case or controversy. Specifically, Plaintiff alleges that Defendants failed to take steps to prevent discrimination, retaliation, and interference as alleged both in the Second Cause of Action and throughout the Complaint. (Kasper Decl., ¶ 2, Ex. A, ¶¶ 61-67.) As a result of this purported failure, Plaintiff alleges that her employment was terminated. So interrelated are the facts that on the Caption, Plaintiff lists this cause of action as "Failure to Prevent CFRA/FMLA Retaliation and Interference." A review of the Eighth Cause of Action for Failure to Prevent Discrimination and Retaliation in Violation of the FEHA (*Cal. Gov. Code* §§ 12940(j) and (k)) makes clear that this cause of action mirrors the Third Cause of Action. (*Cf* Kasper Decl., ¶ 2, Ex. A, ¶¶ 61-67; Kasper Decl. ¶ 2, Ex. A, ¶¶ 104-108.) Thus, the Third and Eighth Causes of Action arise out of the same case or controversy as the Second Cause of Action.

22. Plaintiff's Fourth Cause of Action for Disability Discrimination under

the FEHA (*Cal. Gov. Code* § 12940(b)) also rests on the same facts as the Second Cause of Action. In support of her Second Cause of Action, Plaintiff alleges that she suffered a disability, took a protected leave of absence, and was terminated because a non-disabled employee or employees took over her role during her leave. (Kasper Decl., ¶ 2, Ex. A, ¶¶ 23-40, 50-60.) In support of her Fourth Cause of Action, Plaintiff alleges the same facts and contends that "she was terminated because she took medical leave." (*Id*. at ¶¶ 68-74.) Thus, the Fourth Cause of Action arises out of the same case or controversy as the Second Cause of Action.

23. Plaintiff's Fifth and Sixth Causes of Action under the FEHA similarly rest on the same set of facts as the Second Cause of Action. The Fifth Cause of Action is for Failure to Accommodate Plaintiff's disability. (*Cal. Gov. Code* § 12940(m).) The Sixth Cause of action is for Failure to Engage in the Interactive Process regarding reasonable accommodations for Plaintiff's disability. (*Cal. Gov. Code* § 12940(n).) Both causes of action assert that Plaintiff suffered from a disability and required a leave of absence, but that Defendants ultimately failed to accommodate Plaintiff or engage in an interactive process with her when they terminated her employment rather than returning her to her previous position at the conclusion of her leave. (Kasper Decl., ¶ 2, Ex. A, ¶¶ 75-96.) Accordingly, Plaintiff's Fifth and Sixth Causes of Action are part of the same case or controversy as the Second Cause of Action.

24. Plaintiff's Seventh Cause of Action is for Retaliation in violation of the FEHA. Plaintiff asserts that she engaged in protected activity by taking a leave of absence and seeking a reasonable accommodation for her disability, but was retaliated against when her employment was terminated. (*Id*. at ¶ 98.) These are the same facts pled throughout the Complaint and in support of the Second Cause of Action. Thus, the Second and Seventh Causes of Action arise out of the same case or controversy.

25. The Ninth Cause of Action for Wrongful Termination in Violation of

Public Policy is explicitly premised upon the alleged violations of the FMLA and CFRA pled throughout the Complaint.  Specifically, Plaintiff states, "Defendants discriminated and retaliated against Plaintiff, including wrongfully terminating her employment, on grounds that violate California fundamental public policies prohibiting discrimination and retaliation and based upon disability and on grounds that violate CFRA and FMLA laws." (*Id*. at ¶ 110.)  Accordingly, this cause of action rests upon a finding of violation of the FMLA and its state analog, the CFRA, and arises out of the same case or controversy as the Second Cause of Action.

26.    Finally, Plaintiff's Tenth Cause of Action for Declaratory Relief arises out of the same case or controversy as the Second Cause of Action.  Under the Tenth Cause of Action, Plaintiff seeks "a declaration that her disability, engagement in protected activity and/or some combination of these protected characteristics were a substantial motivating factor in Defendants' decision to retaliate against Plaintiff." (*Id*. at ¶ 118.)  As with the rest of this case, Plaintiff's Tenth Cause of Action rests on the same alleged facts concerning her medical condition, leave of absence, Defendants' failure to return her to her previous position upon the conclusion of her leave, and Defendants' termination of her employment, allegedly because she availed herself of protected leave.  (*See generally* Kasper Decl., ¶ 2, Ex. A.)

27.    Each of Plaintiff's claims is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" and thus subject to this Court's supplemental jurisdiction.

**THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

28.    As set forth above, this Notice of Removal is filed within thirty days of service of process on Defendants; venue is proper in this district because it embraces the state court in which the removed action has been pending; and all process, pleadings, and orders filed in this action and served upon Defendants are attached hereto. (Kasper Decl. ¶¶ 1-3.)

29. Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Sacramento, wherein the action is currently pending, as required by 28 U.S.C. § 1446(d).  (Kasper Decl. ¶ 5.)

30. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

## CONCLUSION

31. WHEREFORE, Defendants respectfully remove this action from the Sacramento County Superior Court, bearing case number 34-2021-0039018, to this Court pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1441(a).

DATED:  November 9, 2021         Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH** LLP

By: _____
Jeffrey S. Ranen
Ashleigh R. Kasper
Attorneys for SEIU LOCAL 1000 and RICHARD L. BROWN

